UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | CASE NO.   06-522M |
| v. ) | |
| JOSE GRACIDA-AGUILAR, ) | DETENTION ORDER |
| Defendant. ) | |

Offense charged:

    Illegal Re-Entry After Deportation, in violation of Title 8, U.S.C., Sections 1325(a) and 1326.

Date of Detention Hearing: September 29, 2006.

    The Court conducted both an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f) and a preliminary Rule 5(c)(3) inquiry. The defendant waived his rights to a full Rule 5(c)(3)(D) hearing and the Court set a Status Hearing regarding a Rule 20 transfer before Judge Mary Alice Theiler. The Court finds that, based upon the factual findings and statement of reasons for detention hereafter set forth, no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the

DETENTION ORDER
PAGE -1-

community. The Government was represented by Adam Cornell. The defendant was represented by Nancy Tenney.

The Government filed a Motion for Detention, to which the defendant stipulates.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The defendant represents a risk of nonappearance due to the following: He is not a United States citizen and has previously been deported; his ties to the Western District of Washington are unknown; and the Bureau of Immigration and Customs Enforcement has filed a detainer.

(2) The defendant represents a risk of danger due to his unknown background.

(3) The defendant does not contest detention.

Thus, there is no condition or combination of conditions that would reasonably assure future court appearances.

**It is therefore ORDERED:**

(l) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to

the United States Pretrial Services Officer.

DATED this 3rd day of October, 2006.

_____
Monica J. Benton
U.S. Magistrate Judge

DETENTION ORDER
PAGE -3-